**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: GREGG TAKAFUMI OMINE,**
**MICHELLE LYNN OMINE, Debtors,**

**FLORIDA DEPARTMENT OF REVENUE,**

     **Appellant,**

**-vs-**                    **Case No. 6:05-cv-1633-Orl-31DAB**

**GREGG TAKAFUMI OMINE,**
**MICHELLE LYNN OMINE,**

     **Appellees.**

## ORDER

This matter comes before the Court on the motion of the Florida Department of Revenue ("FDOR") to vacate this Court's order affirming the decision of the Bankruptcy Court (Doc. 23) and to dismiss the case. The Omines have joined in the motion. (Doc. 32).

After the Eleventh Circuit entered its opinion, but before its mandate issued, the parties settled the dispute. On FDOR's unopposed motion, the appellate court withdrew its opinion and dismissed the appeal as moot. (Doc. 29 at 2). However, the Eleventh Circuit declined to grant FDOR's motions to vacate this Court's judgment and dismiss the underlying action, choosing to remand the first "for consideration and disposition of the motion pursuant to Fed.R.Civ.P. 60(b)" and denying the second without prejudice to appellant's right to seek such relief here. (Doc. 29 at 2).

In support of its entitlement to vacatur, FDOR cites to *IAL Aircraft Holding, Inc. v. Federal Aviation Administration*, 216 F.3d 1304, 1305 (11th Cir. 2000), in which the court stated that "In this circuit, when a case becomes moot after the panel publishes its decision but before the mandate issues, we dismiss the appeal, vacate the district court's judgment, and remand to the district court with instructions to dismiss the case." In *IAL*, the case had become moot due to external events, rather than a settlement, and the mooting event occurred prior to the entry of the appellate court's order. In other words, the appellate court lacked jurisdiction when it entered the order in *IAL*, rendering vacatur proper. There is no suggestion that this Court lacked jurisdiction when it entered the order affirming the decision of the Bankruptcy Court.

In addition, it would appear that the *IAL* court did not vacate the opinion of the District Court, which would make the language cited by FDOR dicta, at least as it applies here. The fact that the appellate court also declined to order vacatur of the Court's opinion here lends weight to this assessment. Moreover, in its remand order, the Eleventh Circuit directed this Court to the case of *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). In that case, the Supreme Court held that "mootness by reason of settlement does not justify vacatur of a judgment under review." *Id.* at 29. The *Bonner Mall* court did suggest that, even in a case mooted due to settlement, exceptional circumstances justifying vacatur under Rule 60(b) could exist. *Id.* However, FDOR has made no showing that such circumstances exist here.

In consideration of the foregoing, it is hereby **ORDERED** that Appellant's motion (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. The motion to vacate this Court's

decision is **DENIED**.  The motion to dismiss the case is **GRANTED.**  In all other respects, the motion is **DENIED**.  The Clerk is directed to close the file.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2007.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party